## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**SHAWN M. STANLEY AND**
**REBECCA STANLEY,**

   **Plaintiffs,**

**v.**

**CITIMORTGAGE, INC.,**

   **Defendant.**

**CASE NO. 3:17-cv-00099-WHR**

**District Judge Walter H. Rice**

## PLAINTIFFS SHAWN AND REBECCA STANLEYS' MEMORANDUM IN OPPOSITION TO DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS (DOC. NO. 10)

### (ORAL ARGUMENT REQUESTED)

Plaintiffs Shawn and Rebecca Stanley ("Plaintiffs"), through Counsel, hereby offer the following Memorandum in Opposition to Defendant CitiMortgage, Inc.'s ("Defendant") Motion to Dismiss Plaintiffs' Complaint (Doc. No. 10) pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) filed on May 18, 2017. For the reasons set forth in the following Memorandum in Support, the Plaintiffs respectfully state they have stated viable claims for relief in their Complaint and that Defendant's Motion should be denied.

Plaintiffs respectfully request Oral Argument on the Defendant's Motion, Plaintiffs' Memorandum in Opposition and any other pleadings related to Defendant's Motion pursuant to Local Rule 7.1(b)(2) as the issues raised in Defendant's Motion are matters of very limited impression in this Court and in this Circuit for the reasons explained in the following Plaintiffs' Memorandum in Opposition.

WHEREFORE Plaintiffs Shawn and Rebecca Stanley respectfully request this Court deny Defendant CitiMortgage, Inc.'s Motion to Dismiss and for all other relief this Court may deem just and proper.

Respectfully submitted,

*/s/ Brian D. Flick*
Brian D. Flick (0081605)
Marc E. Dann (0039425)
THE DANN LAW FIRM CO., L.P.A.
P.O. Box 6031040
Cleveland, OH  44103
(513) 645-3488
(216) 373-0536 e-fax
notices@dannlaw.com
*Counsel for Plaintiffs*

2

<u>MEMORANDUM IN SUPPORT</u>

## I. <u>INTRODUCTION</u>

In the wake of the national housing crisis, Congress enacted the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law No. 111-203, 124 Stat. 1376 (2010) (to be codified in various sections of the U.S. Code) ("Dodd- Frank"). A key component of Dodd-Frank was the creation of the Consumer Financial Protection Bureau ("CFPB"). *Id.* § 1011*, et seq.;* 12 U.S.C. § 5491. The CFPB was charged with implementing Dodd-Frank and did so by, *inter alia*, issuing new rules governing mortgage servicing. *See* 12 U.S.C. § 5512*, et seq.* On January 17, 2013, the CFPB issued the RESPA ("Regulation X") and TILA ("Regulation Z") Mortgage Servicing Final Rules, 78 F.R. 10901 (February 14, 2013) and 78 F.R. 10695 ("Regulation X") (February 14, 2013), which became effective on January 10, 2014.

These rules created significant rights for homeowners and imposed new obligations upon mortgage servicers.[1] Homeowners could now seek information about their mortgage loans[2] and if they applied for loss mitigation to modify their loan[3], their mortgage servicer was obligated to refrain from moving for a foreclosure sale of the homeowner's property.[4] For the first time as

---

[1]   12 C.F.R. § 1024.30*, et seq.*
[2]   12 C.F.R. § 1024.36
[3]   12 C.F.R. § 1024.41*, et seq.*
[4]      12 C.F.R. § 1024.41(g) provides: If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless:

(1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied; (2) The borrower rejects all loss mitigation options offered by the servicer; or (3) The borrower fails to perform under an agreement on a loss mitigation option.

3

well, mortgage servicers were compelled to provide, without a dispute, information about a loan to a borrower and to correct or respond to errors that were brought to their attention.[5]

Significantly, the regulations implemented by the CFPB empowered those who found themselves in an active foreclosure to seek modification of their mortgage while staying a foreclosure sale in certain circumstances.[6] Plaintiffs Shawn and Rebecca Stanley ("Plaintiffs") in this case are the intended beneficiaries of Dodd-Frank. As alleged in their Complaint filed on March 24, 2017 (Doc. No. 1), the Plaintiffs, primarily through the assistance of the Department of Veteran Affairs ("VA"), have embarked on over a six-year odyssey to pursue loss mitigation and ensure a proper review of a facially complete loss mitigation application was done. In this matter, the Plaintiffs and the VA played by the rules created by the CFPB, but Defendant CitiMortgage ("Defendant" or "Citi") simply did not. The Plaintiffs have a private right of action set forth in the Complaint which stands independent of the foreclosure proceedings in the Greene County Court of Common Pleas.

Plaintiffs brought this case against Citi to remedy the independent wrongs suffered by the Plaintiffs at the hands of Citi related to the modification of the loan and Citi's failure to comply with Dodd Frank. For the reasons set forth in detail below the majority of Plaintiffs' claims at a

---

[5]      12 C.F.R. § 1024.41(e)(2)(i) provides that "[e]xcept as set forth in paragraphs (f) and (g) of this section, a servicer may respond to a notice of error by either: (A) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or (B) Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance."

[6]      12 C.F.R. §1024.41(g).

4

time when the Plaintiffs either did not know they had a right to file a counterclaim in the foreclosure case or were, as demonstrated by *Exhibit A* to Plaintiffs' Complaint, intentionally misled by both CitiMortgage and the VA to their substantive legal rights during the foreclosure case. Contrary to the Defendant's Memorandum, the Plaintiffs are not using this Complaint to overturn the validity of the foreclosure judgment; the Plaintiffs have a pending Motion to Vacate Judgment which is under independent review with the Greene County Court of Common Pleas. *See Defendant CitiMortgage's Motion to Dismiss Exhibit E*, Doc. No. 10-2, pp. 66-76. The Plaintiffs' Motion to Vacate contains substantive reasons why the underlying foreclosure judgment should be vacated to allow the Plaintiffs to then, if possible, attack the underlying judgment. The "collateral attack" raised by Citi in their Motion simply does not exist. CitiMortgage must be held accountable for its conduct related to the loss mitigation which occurred both before and during the pendency of the foreclosure case. This Court has subject matter jurisdiction, no basis for abstention exists, the issues presented here are not precluded by the state court's prior judgment and Plaintiffs have adequately pled factual basis for the relief sought.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

This matter is before the Court on Defendant CitiMortgage's Motion to Dismiss Plaintiffs Shawn and Rebecca Stanley's Complaint pursuant to Civ. R. 12(b)(1) and Civ. R. 12(b)(6). The Defendant in their Memorandum in Support of their Motion to Dismiss provides a very useful chart giving a very brief description of the Plaintiffs' seven causes of action. *See Defendant's Motion to Dismiss* at p. 2. The Plaintiffs allege six violations of the Real Estate Settlement Procedures Act and a breach of contract claim. The Plaintiffs would also request this Court take notice pursuant to *Sira* of the docket and pleadings filed in the Greene County Court of Common

Pleas in the foreclosure action initiated by CitiMortgage against the Plaintiffs which are attached to Defendant's Motion to Dismiss.

The allegations in Plaintiffs' Complaint detail Plaintiffs' exhaustive efforts to modify this loan beginning October 1, 2008 and continuing to the present. The causes of action in the Plaintiffs' Complaint can be narrowed down to three specific points in these efforts:

(1) Whether the last of the nine (9) loss mitigation packets submitted from October 1, 2008 through the end of 2013 were ever reviewed;

(2) The January 7, 2015 application and whether dual tracking prohibitions should have prevented the filing of the foreclosure by Citi; and

(3) the review by Citi of the August 4, 2016 denial of loss mitigation submitted by the Plaintiffs and whether dual tracking prohibitions at that time prevent the obtaining of the Order granting Default Judgment and/or the Order for Sheriff Sale.

Rather than attempt to address these issues the Defendant instead misdirects to this Court by first claiming Plaintiffs' Claims are barred by *Rooker-Feldman*, next claiming the Plaintiffs' Claims are judicially estopped, and finally, when all else fails, inappropriately attempting to introduce evidence not contained within the pleadings to support their motion to dismiss. The Plaintiffs' complaint alleges that the Defendant had not completed a loss mitigation review prior to 2015 dual tracking allegations. In response, the Defendant attempt to put forward November 18, 2014 Letter (*Exhibit 1 to Defendant's Motion to Dismiss*), however that letter is not before the court at this time as the court must limit its review of a motion to dismiss to the four corners of the complaint. Should the Defendant proffer Exhibit 1 on motion for summary judgment, Plaintiffs will vigorously argue that it was neither created, sent, nor received during the November 18, 2014 timeframe. This Court has subject matter jurisdiction, no basis for abstention

6

exists, the issues presented here are not precluded by the state court's prior judgment and Plaintiffs have adequately pled factual basis for the relief sought.

### III. STANDARD OF REVIEW FOR CIV. R. 12(b)(1) and CIV. R. 12(b)(6)

Defendant CitiMortgage has filed their Motion to Dismiss Plaintiffs' Claims on the basis of Civ. R. 12(b)(1) or, alternatively, Civ. R. 12(b)(6). As a threshold matter this Court must first decide the Civ.R. 12(b)(1) argument raised by the Defendant since it is the jurisdictional argument prior to addressing the merits of a Motion brought under Civ. R. 12(b)(6). *Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir. 1990); see also *Pritchard v. Dent Wizard Intern. Corp.,* 210 F.R.D. 591, 592 (SDOH 2002). Civ. R. 12(b)(1) allows for "lack of jurisdiction over the subject matter" over the claims asserted in the Complaint. As detailed in Defendant's Motion, this is clearly a factual attack on jurisdiction under *Ritchie* and as such there is no presumption of truthfulness of the factual allegations in the complaint and this Court is free to weigh the evidence and satisfy itself to the existence of its power to hear the case. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (quoting *Ohio Nat. Life Ins. Co. v. US*, 922 F.2d 320 (6th Cir. 1990).

In contrast to a motion to dismiss for lack of subject matter jurisdiction, a motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services,* 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. Blackburn *v. Fisk University,* 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements

necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB,* 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

For the reasons set forth below the Defendant's Motion to Dismiss Plaintiffs' Complaint must be denied under both Civ. R. 12(b)(1) and Civ. R. 12(b)(6) grounds.

## IV. LAW AND ARGUMENT

### A) The *Rooker-Feldman* Doctrine is inapplicable to Plaintiffs' Claims and this Court has subject matter jurisdiction to hear Plaintiffs' Claims for Relief

In its Motion to Dismiss under Civ. R. 12(b)(1), CitiMortgage is asking this Court to decline to exercise subject matter jurisdiction over Plaintiffs' Complaint under the *Rooker-Feldman* Doctrine. *Rooker v. Fid. Tr. Co.* 263 U.S. 413 (1923); *District of Court of Appeals v Feldman*, 460 U.S. 462 (1983). *Rooker-Feldman* limits the federal court review of state court decisions and the United States Supreme Court has held it only applies in a very limited scenario:

> "The *Rooker Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of

8

those judgments."

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

There is no dispute that at the time of the filing of this Complaint, a Default Judgment Entry and Decree in Foreclosure to CitiMortgage existed in the Greene County Court of Common Pleas.  The existence of this Judgment Entry, however, is not enough to make the leap that *Rooker-Feldman* applies. Parties such as the Plaintiffs are allowed to litigate a matter in federal court even if the portions of the matters between the parties have been previously litigated in state court. *Id.* at 283-284.  The inquiry as to whether *Rooker-Feldman* applies is for this Court to determine the source of the injuries that the Plaintiffs allege in the Complaint. *McCormick v. Braverman*, 451 F.3d 382, 392 (6th Cir. 2006); see also *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012); see also *Kovacic v. Cuyahoga Cty. Department of Children & Fam*, 606 F.3d 301, 310 (6th Cir 2010). The source of the injury alleged in this complaint was Citi's conduct ***after*** the entry of judgment in the state court.

*Rooker-Feldman* should not apply in this case because the Plaintiffs are seeking monetary relief against CitiMortgage solely for *servicing violations* that took place after the entry of Judgment Entry in the state court proceedings.  While the Judgment Entry of Foreclosure does affect the servicer of the loan, the causes of action raised by the Plaintiffs against Citi are for the day-to-day servicing operations that are at best ancillary to any relationship between the foreclosure and servicing.

Additionally, any reading of the Plaintiffs' Complaint under *Evans* would conclude that the sources of Plaintiffs' injuries are Citi's failure to either properly review applications submitted in 2013 or January 7, 2015, or their failure to properly review an appeal of an application submitted in 2016.  The injury that resulted from each of these acts was dual tracking

9

that led to the filing of the foreclosure complaint or the obtaining of the final judgment entry. Nowhere in Plaintiffs' Complaint do the Plaintiffs assert the merits of the Default Judgment Entry were improper. The relief sought by the Plaintiffs in this Complaint is limited to monetary damages that would no effect on the Default Judgment Entry. Any relief from the Default Judgment Entry is properly in front of the Common Pleas Court. As noted in *Defendants Shawn and Rebecca Stanley's Emergency Motion to Vacate* attached to the Defendant's Motion to Dismiss which the Court can take judicial notice pursuant to Fed. R. Evid. 201, the Defendants are seeking in the state court to present substantive legal arguments to directly attack the propriety of the judgment entry of default which would allow the Plaintiffs, if this Motion were granted by the state court, to present a substantive defense irrespective of the RESPA claims asserted here, to the foreclosure. Nothing in the Plaintiffs' Complaint prevents CitiMortgage as the noteholder from continuing to execute on its Default Judgment Entry should the Plaintiffs' Motion to Vacate be denied. The only risk that CitiMortgage has as the servicer should the noteholder execute on the judgment is the possibility of monetary damages owed to the Plaintiffs for the allegations in this complaint.

**B) Plaintiffs' Claims for Relief are not barred by *Res Judicata***

In addition to its request for this Court to apply *Rooker-Feldman* to Plaintiffs' claims for relief, Defendant alternatively asks this Court to dismiss Plaintiffs' Complaint under the doctrine of claim preclusion. In order for claim preclusion to apply under Ohio law Defendant CitiMortgage must demonstrate that (1) a prior final, valid decision on the merits by a court of competent jurisdiction exists; (2) a second action involving the same parties, or their privies, exists as the first; (3) a second action raising claims that were or could have been litigated in the first action exists; and (4) a second action arising out of the transaction or occurrence that was

10

the subject matter of the previous action exists.  *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).  A right, question or fact distinctly put in issues and directly determined by a court of competent jurisdiction...cannot be disputed in a subsequent suit between the same parties or their privies...." *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703 (6th Cir. 1999).  In this case claim preclusion should not apply as Plaintiffs' claims are logically related to the mortgage and foreclosure only because possible dual tracking and other servicing violations existed by the servicing of the foreclosing party that led to the filing of the foreclosure complaint and also existed at the time the foreclosing party obtained a judgment in default. These servicing violations are independent of the Judgment Entry and Decree in Foreclosure and act only as equitable defenses under Ohio Civ. R. 9 to a foreclosure.  For those claims that existed at the time the foreclosing party obtained a judgment in default the Plaintiffs had no ability to bring them as an affirmative defense or claim in the foreclosure case as they were not known when any answer would have been due.  The only remedy for those claims would be to seek injunctive relief which cannot be brought in this Court as RESPA provides no injunctive relief.

**C) The Plaintiffs have stated viable claims for relief under Counts One, Two, Three, and Five as Defendant CitiMortgage because Exhibit 1 is not properly before the court and even if the court were to consider it was ever sent to the Plaintiffs and Defendants' own actions subsequent to that time demonstrate a lack of knowledge of the existence of this letter**

In addition to seeking dismissal of Plaintiffs' Claims under Civ. R. 12(b)(1), Citi also alternatively moved this Court to dismiss Plaintiffs' Claims under Civ. R. 12(b)(6).  In seeking dismissal of Counts One, Two, Three and Five of Plaintiffs' Complaint, CitiMortgage introduces Exhibit 1 to their Motion to Dismiss – a November 18, 2014 letter from CitiMortgage which denies the Plaintiffs for all loss mitigation options. Exhibit 1 should be stricken from consideration in this matter. The Defendant correctly cites to the proposition that 12 C.F.R. §

11

1024.41(i) applies only to a single complete loss mitigation application and that a borrower can only maintain a cause of action, like Counts One, Two, Three and Five of Plaintiffs' Complaint, for this "first bite." Defendant's Exhibit 1 has not been authenticated as a business record under Evidence Rule 803(6). The presentation of this letter in the motion to dismiss is particularly curious in light of Citi's failure to provide it to Plaintiffs in response to their Requests for Information-like inquiries made by the VA as detailed in the VASail notes. It is simply not before this court at this time. This is exactly why this case should proceed to discovery, motion practice and trial. The Complaint is based on the premise that Exhibit 1 was never created or mailed by Defendant CitiMortgage nor received by the Plaintiffs or their representatives such as Plaintiffs' Counsel or the VA until after this lawsuit was filed.

**D) Plaintiffs have sufficient alleged violations under 12 C.F.R. § 1024.36 in Count Four**

In requesting this Court deny Count Four of Plaintiffs' Complaint, the Defendant asks this Court to find there is no violation of 12 C.F.R. § 1024.36 because the Plaintiffs, either directly or through an agent, did not send their inquiries to CitiMortgage's designated address for receiving said correspondence. The Plaintiffs in Count Four are not making a traditional 12 C.F.R. § 1024.36 claim and pleading their claim based upon existing decisions which have interpreted a similar-type claim to be a violation under 12 U.S.C. § 2605(e)(1)(A). In *Bennett v. Bank of America, N.A.*, Judge Thapar found a governmental agency's inquiry on behalf of a borrower to a servicer's treatment of those inquiries as requests under 12 C.F.R. § 1024.36 may give rise to a viable claim for relief under RESPA. *See Bennett v. Bank of America,* 15-cv-00030, at pp. 7-8 (EDKY August 16th, 2015). The *Bennett* Court first noted that the failure to cite a correct statute is not sufficient for dismissal. *Johnson v. City of Shelby, Miss.,* 135 S.Ct. 346

(2014) ("Federal pleading rules....do not countenance dismissal of a complaint for imperfect statement of legal theory supporting the claim asserted.")  The Plaintiffs specifically reference RESPA in their Complaint and Regulation X expressly states that it implements RESPA.  *See 12 C.F.R. § 1024.41.* The Court thus needs to assess Plaintiffs' Count Four to determine if the Plaintiffs' have pled sufficient facts that satisfy the corresponding section in RESPA.  *See Bowman v. United States*, 564 F.3d 765, 771 (6th Cir. 2008) ("Where Congress has spoken in unambiguous terms, the inquiry [into the meaning of the regulation] ends and the Court must give effect to the unambiguously expressed intent of Congress").  Here, the Plaintiffs specifically pled all communications in question came from the VA through use of the VASail system to Defendant. *See Plaintiffs' Complaint,* Doc. No. 1 at para. 111. ("As alleged above the Plaintiffs, specifically through Ryan Vessal and also through other members of the VA sent to Defendant, written correspondence via the VALeri Portal and/or a direct communication line between the Defendant and the VA specific correspondence to the Defendant contained the Plaintiff's name, address, account number and specific inquiries related to Plaintiffs' mortgage account including the status of loss mitigation packets beginning in January 2015.") The VA is an agent of the Plaintiffs pursuant to 12 C.F.R. § 2605(e)(1)(A) and its ordinary meaning.  *See Bennett* at p. 6; see also *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013); see also *Catalan v. GMAC Mortgage Corp.*, 629 F.3d 676 (7th Cir. 2011) (holding HUD qualified as an "agent of the borrower" under RESPA). The Plaintiffs next pled that Plaintiffs' Exhibits A and B demonstrate unreasonable responses and/or failures to conduct reasonable investigations into the account. *Plaintiffs' Complaint*, Doc. No. 1, Paragraphs 112-13 at p. 21. The Plaintiffs have sufficiently pled these communications are a violation of 12 C.F.R. § 1024.36 and Defendants' Motion should be denied.

13

## V.  <u>CONCLUSION</u>

WHEREFORE Plaintiffs Shawn and Rebecca Stanley respectfully request this Court deny Defendant CitiMortgage, Inc.'s Motion to Dismiss and for all other relief this Court may deem just and proper.

Respectfully submitted,

/s/ Brian D. Flick
Brian D. Flick (0081605)
Marc E. Dann (0039425)
THE DANN LAW FIRM CO., L.P.A.
P.O. Box 6031040
Cleveland, OH  44103
(513) 645-3488
(216) 373-0536 e-fax
notices@dannlaw.com
Counsel for Plaintiffs

14

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 8, 2017, a copy of the foregoing was served in accordance with Local Rules upon the following:

Kara A. Czanik, Esq.
Graydon Head & Ritchey LLP
7759 University Drive, Suite A
West Chester, OH 45069
*Counsel for Defendant*

/s/ Brian D. Flick
Brian D. Flick (0081605)
Marc E. Dann (0039425)
THE DANN LAW FIRM CO., L.P.A.
*Counsel for Plaintiff*

15