# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHAWN STANLEY, *et al.*,

    Plaintiffs,

vs.

CITIMORTGAGE, INC.,

    Defendant.

Case No. 3:17-cv-099

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

## REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT'S MOTION TO DISMISS (DOC. 12) BE GRANTED; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET

---

This civil case is before the Court on Defendant's motion to dismiss. Doc. 10. Plaintiff filed a memorandum in opposition (doc. 13) and, thereafter, Defendant filed a reply (doc. 14). The Court has carefully reviewed the foregoing, and Defendant's motion is now ripe for decision.

### I.

Shawn and Rebecca Stanley bring this civil action against CitiMortgage. Doc 1. The facts set forth herein include the allegations plead by the Stanleys viewed in the light most favorable to them, as well as matters of public record. *See infra*.

The Stanleys are a married couple who reside on real property located at 4395 Navajo Trail, Jamestown, Ohio. PageID 4. The Stanleys mortgaged the property with Ameristate Bancorp, but only Shawn Stanley executed the promissory note. PageID 186-89, 190-208. CitiMortgage is the current servicer of the loan and holder of the note. PageID 209-216.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

When Shawn Stanley failed to make payments on the note, CitiMortgage initiated a foreclosure action against him in the Greene County, Ohio Court of Common Pleas, Case No. 2015-cv-0256, on April 9, 2015. PageID 4. CitiMortgage joined Rebecca Stanley as a defendant in that case because she possessed a possible interest in the real property. PageID 179-185. The Stanleys did not defend the foreclosure proceeding and CitiMortgage ultimately received a default judgment in its favor on September 17, 2015. PageID 4. Thereafter, the Stanleys moved to vacate the judgment arguing that their failure to defend the action was the result of representations made by CitiMortgage that it was considering Shawn Stanley for a loan modification, and would not proceed with foreclosure while the modification remained pending. PageID 5. The Stanleys' motion to vacate the final judgment of the Greene County Common Pleas Court remains pending. *Id*.

The Stanleys, through counsel, now seek relief in this Court against CitiMortgage asserting claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(f), as well as a claim for breach of contract. Doc. 1.

**II.**

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Twombly*, 550 U.S. at 555).

In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

## III.

Initially, the undersigned addresses Defendant's argument that Rebecca Stanley lacks standing with regard to the claims alleged because she did not execute a promissory note. *See* doc. 10 at PageID 149; *see also Cooper v. Fay Servicing, LLC*, 115 F. Supp. 3d 900, 908-09 (S.D. Ohio 2015) (holding that a wife who "did not sign the [promissory] note or loan

3

application modification" lacked standing to pursue claims under RESPA). Notably, in their memorandum in opposition to Defendant's motion to dismiss, the Stanleys set forth no argument in opposition to Defendant's contentions in this regard. Accordingly, Rebecca Stanley's claims have been abandoned and should be dismissed. *See Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007) (holding that plaintiff "abandoned . . . claims by failing to raise them in his brief opposing [defendant's] motion to dismiss").

With regard to the claims asserted by Shawn Stanley, CitiMortgage argues, *inter alia*, that they are barred by *res judicata* because such claims could have been litigated in the state court foreclosure action. Doc. 10 at PageID 144-55. "[W]hen considering the preclusive effect of a state court judgment, [federal courts] must look to the law of that state." *Hamilton's Bogarts, Inc. v. Mich.*, 501 F.3d 644, 650 (6th Cir. 2007).

Under Ohio law, a valid final judgment rendered on the merits bars all subsequent actions based upon any claim arising out of the transaction[2] or occurrence that was the subject matter of the previous action. *Grava v. Parkman Twp.*, 653 N.E.2d 226, 228 (Ohio 1995). Thus, an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit. *Id. Res judicata* applies where there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

The first and second elements are satisfied because the parties in this case were also parties to the state court foreclosure action, a case in which there is a final judgment of record.

---

[2] "For the purpose of a *res judicata* analysis, a 'transaction' is defined as a 'common nucleus of operative facts.'" *U.S. Bank Nat'l Ass'n v. Gullotta*, 899 N.E. 2d 987, 991 (Ohio 2008).

PageID 219-28. The allegations, viewed in a light most favorable to Stanley, establish that he was aware of the facts underlying his RESPA claims at the time of the state court action and, therefore, such claims could have been litigated at that time. *See McConnell v. Applied Performance Techs., Inc.*, No. C2-01-1273, 2002 U.S. Dist. LEXIS 27599 (S.D. Ohio Dec. 11, 2002). Finally, the RESPA claims arise out of the transaction or occurrence at issue in the foreclosure action, *i.e.*, the servicing of the note. Accordingly, as all four elements of the *Grava* test are satisfied, the undersigned finds that Shawn Stanley's claims are barred by *res judicata* and should be dismissed.

## IV.

Based upon the foregoing, the undersigned **RECOMMENDS** that: (1) Defendant's amended motion to dismiss (Doc. 10) be **GRANTED**; and (2) this case be **TERMINATED** on the Court's docket.

Date:  October 30, 2017           s/ Michael J. Newman
                                                                                Michael J. Newman
                                                                                United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).