**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| **SHAWN STANLEY** | : | Case No. 3:17-cv-00099 |
| **REBECCA STANLEY,** | : | |
| | : | (Judge Walter H. Rice) |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| **CITIMORTGAGE, INC.,** | : | |
| | : | |
| Defendant. | : | |

**CITIMORTGAGE, INC.'S RESPONSE TO PLAINTIFF SHAWN STANLEY'S OBJECTION (DOC. 21) TO REPORT AND RECOMMENDATION OF MAGISTRATE NEWMAN (DOC. 19) PURSUANT TO FED. CIV. P. 72(b)(2)**

CitiMortgage respectfully requests that the Court: (1) overrule Plaintiff Shawn Stanley's ("Stanley") objections to the Report and Recommendation ("R&R"); (2) accept Magistrate Judge Newman's recommendation; and (3) enter a final judgment dismissing Stanley's claims.

    **A.**    **Magistrate Judge Newman's Findings and Recommendations and the Appropriate Standard of Review**.

In in the R&R, Magistrate Judge Newman recommended that the Court grant CitiMortgage, Inc.'s ("CitiMortgage") Motion to Dismiss Stanley's Claims ("Motion to Dismiss") (Doc. 12) on the grounds that they were barred by *res judicata*.[1] Magistrate Judge Newman specifically determined that the final judgment in a foreclosure action[2] between the parties barred Stanley's claims.

---

[1] Magistrate Newman also determined that Rebecca Stanley lacked standing to assert claims against CitiMortgage because she was not a borrower. Doc. 19 at PageID 312-33. Stanley concedes this point. Doc. 21 at PageID 316, n1.

[2] CitiMortgage initiated a foreclosure action against Stanley in the Greene County Court of Common Pleas, Case No. 2015-cv-0256 (the "Foreclosure Action"). Documents from the Foreclosure Action, including the final judgment entered on September 17, 2015 ("Final Judgment") were included in an appendix attached to CitiMortgage's Motion to Dismiss.

Magistrate Judge Newman set forth the *Grava* test derived from *Grava v. Parkman Twp.*, 653 N.2d 226, 228 (Ohio 1995), to determine whether *res judicata* applies:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

Doc. 19 at PageID 313, citing, *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).[3] In concluding that *res judicata* barred Stanley's claims, Magistrate Judge Newman specifically found as follows:

> The first and second elements are satisfied because the parties in this case were also parties to the state court foreclosure action, a case in which there is a final judgment of record. The allegations, viewed in a light most favorable to Stanley, establish that he was aware of the facts underlying his RESPA claims at the time of the state court action and, therefore, such claims could have been litigated at that time. * * * Finally, the RESPA claims arise out of the transaction or occurrence at issue in the foreclosure action, i.e., the servicing of the note. Accordingly, as all four elements of the *Grava* test are satisfied, the undersigned finds that * * * Stanley's claims are barred by *res judicata* and should be dismissed. (internal citation omitted).

Doc. 19 at PageID 313-14.

Stanley suggests that Magistrate Judge Newman's dismissal recommendation is governed by Fed. R. Civ. P. 12(b)(1) because it is based on the Court's subject matter jurisdiction. Contrary to that contention, decisions based on *res judicata* fall under Fed. R. Civ. P. 12(b)(6). *Rotello v. Clayton Homes of Del., Inc.*, 2005 U.S. Dist. 31963 (E.D. Tenn. 2005) (explaining that *res judicata* is not typically considered as an attack on a court's subject matter

---

[3] Federal courts must look to the law of the state in which the judgment was rendered in determining the preclusive effect of *res judicata*. Doc. 19 at PageID 313, *quoting Hamilton's Bogarts, Inc. v. Mich.*, 501 F.3d 644, 650 (6th Cir. 2007).

jurisdiction).[4]  Magistrate Judge Newman therefore applied the proper standard in considering CitiMortgage's Motion to Dismiss and was specifically permitted to consider documents attached to Stanley's Complaint as well as documents attached to CitiMortgage's Motion to Dismiss that are integral to or referred to in Stanley's Complaint.  Doc. 19 PageID 311-312.

Stanley correctly notes that the District Judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to and may accept, reject, or modify the recommended disposition, receive further evidence or return the matter to the Magistrate Judge with instructions.  Doc. 21 at PageID 321.

As detailed below, applying those standards, Magistrate Judge Newman did not err in recommending dismissal of Stanley's complaint.

### B.    **Magistrate Judge Newman Correctly Determined that *Res Judicata* Bars Stanley's Claims**.

Stanley objects to the R&R on the grounds that Magistrate Judge Newman incorrectly determined that *res judicata* barred Stanley's claims.  Specifically, Stanley challenges only the application of the third and fourth factors, i.e., whether Stanley's claims could have been litigated in the Foreclosure Action and whether Stanley's claims in this action arise out of the transaction or occurrence that was the subject matter of the Foreclosure Action.  As detailed below, Magistrate Judge Newman did not err in applying those factors.

#### 1.    **Stanley's Knowledge of the Facts Underlying the RESPA Claims Before the Final Judgment in the Foreclosure Action**.

Stanley argues that Magistrate Judge Newman erred in applying the third element of the *Grava* test.  This factor comes down to whether Stanley had reason to know that CitiMortgage had not properly reviewed his loan modification application prior to the September 17, 2015

---

[4] CitiMortgage also argued that the Court lacked subject matter jurisdiction based on the Rooker-Feldman doctrine, which portion of CitiMortgage's Motion is governed by Fed. R. Civ. P. 12(b)(1).  Rooker-Feldman provides a separate and independent grounds for dismissing Stanley's Complaint.

Final Judgment. Stanley does not expressly argue (nor could he) that Magistrate Judge Newman failed to find that Stanley knew of the facts underlying his claim before the Final Judgment. Stanley, instead, argues that Magistrate Judge Newman erred because he did not expressly articulate *how* Stanley was aware of the facts giving rise to his RESPA claim during the Foreclosure Action.

Stanley specifically argues that Magistrate Judge Newman must have erroneously relied upon Exhibit 1 to CitiMortgage's Motion to Dismiss to conclude that Stanley knew that CitiMortgage denied the loan modification application prior to the judgment. This is a red herring; Stanley's knowledge of that particular letter is irrelevant.

Substantively, Stanley's RESPA claims fail because (as evidenced by Exhibit 1 to the Motion to Dismiss), CitiMortgage completed a review of Stanley's loss mitigation application prior to initiating the Foreclosure Action. Therefore, CitiMortgage did not engage in dual tracking or otherwise violate RESPA. Nor can Stanley maintain a cause of action in connection with the January 2015 loan modification application or any after it *See*, 12 C.F.R. §1024.41(i) (a servicer is required to follow the procedures described in the loss mitigation rules for a single, complete loss mitigation application).

However, from the standpoint of the *res judicata* analysis, the critical inquiry is whether Stanley had reason to know about the facts underlying his claims, i.e., that CitiMortgage allegedly acted inappropriately in reviewing his loan modification application.[5]

---

[5] Even though it is not critical to the *res judicata* analysis, the record evidence demonstrates that Stanley was aware of the denial of the loss mitigation application prior to the Final Judgment. Stanley acknowledges that he was communicating with CitiMortgage primarily through Veteran Affairs (the "VA") and that the communications are captured in the VASail system notes, which were attached to Plaintiff's Complaint as Exhibit 1. Doc. 1 at PageID 29-63. Those notes and specifically the notes referred to in Stanley's Objections at PageID 323-324, show that by April 15, 2016, CitiMortgage had informed the VA that Stanley's loan modification had been rejected. Stanley argues somehow that this leaves room for confusion as to whether Stanley knew the loan modification application had been denied. However, the critical point that Stanley misses is that the VA's knowledge is attributed to him because the VA (according to Stanley) was his agent. Specifically, in Count Four of the Complaint, Stanley alleges

There can be no legitimate doubt (based on Stanley's allegations and exhibits to the Complaint) that he was aware of an expressed concern about the manner in which CitiMortgage handled his loss mitigation application, i.e., the facts underlying his RESPA claims *before the Final Judgment*. Specifically, on April 15, 2015, in the VASail notes, Mr. Vessal noted that, "[b]orrower called in and said he is planning on sending in another loss mitigation packet tomorrow to apply for a loan modification. He said he is going to have a lawyer look into his situation because he feels he has been unable to get a loan modification because of the unfair practices of CitiMortgage." Doc. 1 at PageID 42. Stanley was not only aware of facts that he alleges give rise to a claim, he was also aware of the Foreclosure Action. As early as April 14, 2015, the Mr. Vessal via the VASail noted "[Stanley] said he will send a letter that he received, stating he may need to appear in court. I told him that it sounds like the foreclosure referral and that he would still have 360 days from the referral date before a [foreclosure] sale could be scheduled." *Id*.

Because there is sufficient evidence in the record (even without the letter to which Stanley objects) to find that Stanley had knowledge of CitiMortgage's alleged improprieties in handling of the loss mitigation review before the Final Judgment, Magistrate Judge Newman did not err in finding that *res judicata* bars Stanley's claims.

### 2. Stanley's Claims in this Action are Logically-related to the Foreclosure Action.

Stanley objects to the R&R on the grounds that Counts 4-7 of Stanley's Complaint were not compulsory counterclaims in the Foreclosure Action and therefore are not barred by *res*

---

that CitiMortgage failed to properly respond to a Request for Information under 12 C.F.R. 1024.41(d) when representatives of the VA requested information from CitiMortgage through the servicing portal. Notably, Stanley cannot have his relationship with the VA both ways. The VA's, and therefore, Stanley's knowledge of the loss mitigation decision, is further demonstrated through a June 9, 2015 note on the VASail system when Mr. Vessal, of the VA, wrote, "I was told the borrower was denied due to his delinquency being over the capitalized threshold." Doc. 1 at PageID 39.

*judicata*. In so arguing, Stanley concedes that counts 1-3 of the Complaint were compulsory counterclaims. Stanley correctly notes that under Ohio law, "[a] claim is compulsory if it (1) exists at the time of the servicing of the pleading; (2) arises out of the transaction or occurrence that is the subject matter of the opposing claim; and (3) does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Doc. 21 at PageID 324, *quoting McConnell v. Applied Performance Techs. Inc.*, 2002 U.S. Dist. LEXIS 27599 (S.D. Ohio 2002).

As detailed in CitiMortgage's Motion to Dismiss (Doc. 12), the Stanley's claims are logically related to the Foreclosure Action. The court in the Foreclosure Action decided that the Note and Mortgage were valid, that Stanley defaulted on the Note and Mortgage, and that CitiMortgage was entitled to foreclose the Mortgage. Stanley's claims in this action allege that CitiMortgage should be held liable for initiating the Foreclosure Action because it did not review Stanley's loan modification application and follow other related procedures before and during the Foreclosure Action.

Stanley argues that claims 4-7 are not compulsory counterclaims because the facts upon which they are based arose after the Foreclosure Action was filed. Contrary to that contention, Stanley's Complaint makes clear that the facts upon which his claims are based occurred before the Final Judgment, with the possible exception of Counts 5 and 6. Specifically, Counts 1, 2, 3, 4, and 7 are based on a loan modification application submitted in *January 2015*, follow up relating to the application and CitiMortgage's alleged response. *See* Complaint (Doc. 1) at ¶¶76, 87, 89, 100-101, and 112.

Counts 5 and 6 of the Complaint are compulsory counterclaims because they piggy-back on Stanley's other claims. Stanley claims that he was required to submit additional applications

6

and appeal CitiMortgage's decisions on those applications because CitiMortgage failed to properly review the January 15, 2015 loan modification application. However, Stanley did not assert claims based on the initial applications and cannot now bootstrap claims for second reviews based on his failure to do so.[6]

Moreover, the Sixth Circuit has applied the "common-law compulsory counterclaim rule" when claims are based on actions arising after the first action was filed to find that the rule prevents a subsequent claim when allowance of a subsequent action would so plainly operate to undermine the initial judgment that the principle of finality requires preclusion of such an action. *See e.g.*, *Chitwood v. McLemore*, 1990 U.S. App. LEXIS 9146, *7, 904 F.2d 706 (6th Cir. 1990) citing *Circle v. Jim Walter Homes, Inc.*, 654 F.2d 688 (10th Cir. 1981).

Here, if Stanley were permitted to proceed on his claims, it would undermine the Final Judgment. In entering the judgment, the state court found that the promissory note, and mortgage were in default, and that the property should be sold to satisfy Stanley's obligation. The essence of Stanley's claims is that the Foreclosure Action should have never been brought.

Because Stanley's claims are logically related to the Foreclosure Action and not litigated in that action, they are barred by *res judicata*.

C.  **Conclusion**.

Magistrate Judge Newman did not err in concluding that *res judicata* bars Stanley's Complaint. As such, Stanley's objection should be overruled and the Court should adopt the R&R and dismiss Stanley's Complaint with prejudice.

---

[6] Further, because CitiMortgage previously reviewed and provided a decision on Stanley's loss mitigation application, Stanley is not entitled to bring an action for a violation of the mortgage servicing rules for a second application. *Brimm v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 83405 (E.D. Mich. 2016) (a borrower may not bring an action for violation of the loss mitigation rule if the borrower has previously availed himself of the loss mitigation process).

Respectfully submitted,

OF COUNSEL:                                 */s/ Kara A. Czanik*_____
                                            Kara A. Czanik (0075165)
                                            GRAYDON HEAD & RITCHEY LLP
GRAYDON HEAD & RITCHEY LLP                  7759 University Drive
312 Walnut Street                           Suite A
Suite 1800                                  West Chester, OH 45069
Cincinnati, OH 45202-4060                   Phone: (513) 629-2746
Phone: (513) 621-6464                       Fax:    (513) 755-9588
Fax:    (513) 651-3836                      E-mail: kczanik@graydon.law
                                            *Attorney for Defendant*
                                            *CitiMortgage, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2017, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

   Brian Flick – bflick@dannlaw.com


                                            */s/ Kara A.Czanik*_____
                                            Kara A. Czanik (0075165)

8088335.1