UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| **SHAWN STANLEY** | : | Case No. 3:17-cv-00099 |
| **REBECCA STANLEY,** | : | |
| | : | (Judge Walter H. Rice) |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| **CITIMORTGAGE, INC.,** | : | |
| | : | |
| Defendant. | : | |

**CITIMORTGAGE, INC.'S RESPONSE TO PLAINTIFF[] SHAWN STANLEY'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION (DOC. 21)**

The Notice of Supplemental Authority filed by Plaintiff Shawn Stanley ("Stanley") (Doc. 23) in support of his Objection to the Report and Recommendation (Doc. 21) (the "Objection") does not change the analysis. As set forth in CitiMortgage, Inc.'s ("CitiMortgage") Response to the Objection, the Court should overrule the Objection, adopt Magistrate Judge Newman's recommendation and dismiss Stanley's complaint with prejudice.

As an initial matter, the supplemental "authority" cited by Stanley, *Sandalar v. Wells Fargo Bank, N.A.*, Case No. 2017 U.S. Dist. LEXIS 187865 (M.D. Fla. Nov. 17, 2017), is not binding authority. Moreover, the case is factually inapposite. The court in *Sandaler* specifically noted that the plaintiff's claims were based on loan modification applications submitted in February 2014 and September 20, 2015, respectively, which were *after* the plaintiff answered the foreclosure complaint. 2017 U.S. Dist. LEXIS 187865, at *18. The *Sandalar* court further noted that while some of the plaintiff's claims arose during the pendency of the foreclosure action,

those claims were not compulsory, and the plaintiff *had already brought them in a separate lawsuit*. *Id*. *19.

CitiMortgage initiated the foreclosure action[1] on April 9, 2015, making Stanley's answer due May 7, 2015. Unlike in *Sandalar*, by that time, as summarized below, Stanley's claims were ripe:

| Claim | Factual Premise | Date Accrued |
|---|---|---|
| Count One - 12 C.F.R. §1024.41 | Alleged dual tracking by initiating the Foreclosure Action before reviewing the January 2015 loan modification application. (Doc. 1, PageID 14-15). | April 9, 2015 |
| Count Two - 12 C.F.R. §1024.41(b)(2) | Alleged failure to acknowledge the loss mitigation application within 5 days of receipt of the January 7, 2015 loan modification application. (Doc. 1, PageID 16-17) | January 12, 2015 |
| Count Three – 12 C.F.R. §1024.41(c) | Alleged failure to provide notice of loss mitigation options within 30 days of the January 7, 2015 loss mitigation application. (Doc. 1, PageID 18-19) | February 7, 2015 |
| Count Four – 12 C.F.R. §1024.36 | Alleged failure to responds to Requests for Information submitted through the VA system beginning in January 2015. (Doc. 1, PageID 20-21 (paragraph 111-112)[2] | January 2015 |
| Count Seven - Breach of Contract | This claim is based on the alleged failure to properly process loan modification applications both before, during and after the Foreclosure Action | February 2015 |

The facts on which Stanley's claims are based not only existed, they were well known to him. In fact, by April 15, 2015, the VASail notes specifically mention that Stanley was aware of the "unfair practices" of CitiMortgage. (Doc. 1 at Page ID 42). Because those claims were not brought in the Foreclosure Action, they are barred by *res judicata*.

---

[1] CitiMortgage initiated a foreclosure action against Stanley in the Greene County Court of Common Pleas, Case No. 2015-cv-0256 (the "Foreclosure Action"). Documents from the Foreclosure Action, including the final judgment entered on September 17, 2015 ("Final Judgment") were included in an appendix attached to CitiMortgage's Motion to Dismiss.

[2] As detailed in CitiMortgage's Motion to Dismiss, this claim fails substantively for the separate and independent reason that it was not sent to the location specifically designated by CitiMortgage for Requests for Information and Notices of Error. (Doc. 10, PageID 152-153)

2

The court's decision in *Tanasi v. CitiMortgage, Inc*., 2017 U.S. Dist. LEXIS 102684 (D. Conn. 2017) is instructive. The court specifically addressed *res judicata* as it applied to claims relating to CitiMortgage's alleged failure to respond to loan modification applications. Like in this case, the Tanasis specifically alleged that CitiMortgage failed to respond to their pending applications and closed their applications without reviewing them. 2017 U.S. Dist. LEXIS 102684 at *46-47. Also, like in this case, the Tansis alleged that the actions were part of a pattern or practice of conduct that began, by the Tanasis' own admission, in 2009, *before* the Foreclosure Action. The Tanasis specifically alleged that the defendants violated Regulation X's prohibition on "dual tracking." *Id*. at *47. The Tanasi court specifically considered and rejected some of the claims Stanley raises here:

> In their first cause of action, the Tanasis allege that CitiMortgage violated RESPA and Regulation X by failing to acknowledge or properly review loss mitigation applications * * *, by failing to respond to the Tanasis' requests for information, mortgage modification applications * * *, and qualified written requests * * *, and by engaging in a pattern or practice of non-compliance with RESPA* * *. The claims concerning the Tanasis' loss mitigation and mortgage modification applications must be dismissed under *res judicata*, because they 'reasonably relate [to] execution of the note and mortgage, and the subsequent default.' (internal citations omitted)[3]

In rejecting the mortgage application processing claims, the court specifically explained that "[i]f the Court found that CitiMortgage should have considered the Tansis' mortgage modification requests earlier, its ruling would call into question the state court's judgment in the Foreclosure Action. Those claims are too related to the Foreclosure Action for the Tanasis to

---

[3] While holding that claims related to the alleged improper processing of loan modification applications were barred, the court did not dismiss the following aspects of the Tansis' claims based upon *res judicata*: Count One, RESPA claims concerning CitiMortgage's response to the Tanasis' request for information, qualified written requests, and notices of error, as well as pattern or practice claims under RESPA; Count Two, negligence claims concerning CitiMortgage's failure to provide a single point of contact to the Tanasis, and solicitation of the Tanasis' mortgage modification applications. *Id*. at *51 n.4. However, as detailed in CitiMortgage's Motion to Dismiss, all of Stanley's claims are subject to dismissal.

raise them now." *Id*. at \*47-48. Because the *Tanasi* decision is better reasoned than the *Sandalar* decision, the Court should follow *Tanasi* and overrule Stanley's Objection.

Specifically, as to the claims Stanley argues arose after CitiMortgage initiated the Foreclosure Action (Counts Five and Six), those claims are premised on the contention that CitiMortgage continued to handle the loan modification process poorly after the Foreclosure Action began. The fact that the claims arguably arose after CitiMortgage initiated the Foreclosure Action does not mean that *res judicata* is inapplicable. These claims are intertwined with Stanley's other claims. And, if the Court would allow those actions to proceed, they would undermine the final judgment in the Foreclosure Action. *See, Chitwood v. McLemore*, 1990 U.S. App. LEXIS 9146, \*7 (6th Cir. 1990).

Finally, even if the Court determined that Counts Five and Six survived the motion to dismiss on *res judicata* grounds, they fail substantively. As detailed in CitiMortgage's Motion to Dismiss (Doc. 10, PageID 149 – 153), under 12 C.F.R. §1024.41(i) a servicer is required only to review a single complete loss mitigation application. A borrower, therefore, cannot bring an action for a violation of the loss mitigation rules if he has previously availed himself of the loss mitigation process. *Brimm v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 83405 (E.D. Mich. 2016). Here, CitiMortgage reviewed and denied Stanley's loss mitigation application in November 2014. (Doc. 10-1) and (Doc. 1, PageId 39) ("He stated that their capitalization threshold is one reason why Citi has been unable to modify the loan. The loan to value cannot exceed 150%. He stated the loan to value of this loan was exceeded by 2%. \* \* \* Another problem is that there is no change in circumstance since the forbearance was approved.")

For all the reasons stated, the Court should overrule Stanley's Objection, adopt Magistrate Judge Newman's recommendation and dismiss Stanley's Complaint with prejudice.

4

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | */s/ Kara A. Czanik*_____<br>Kara A. Czanik (0075165) |
| GRAYDON HEAD & RITCHEY LLP<br>312 Walnut Street<br>Suite 1800<br>Cincinnati, OH 45202-4060<br>Phone: (513) 621-6464<br>Fax:    (513) 651-3836 | GRAYDON HEAD & RITCHEY LLP<br>7759 University Drive<br>Suite A<br>West Chester, OH 45069<br>Phone:  (513) 629-2746<br>Fax:     (513) 755-9588<br>E-mail: kczanik@graydon.law<br>*Attorney for Defendant*<br>*CitiMortgage, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2017, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Brian Flick – bflick@dannlaw.com

/s/ Kara A. Czanik_____
Kara A. Czanik (0075165)

8105699.1