IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHAWN M. STANLEY, et al.,

    Plaintiffs,

v.

CITIMORTGAGE, INC.,

    Defendants.

:
:
:
:
:
:
:

Case No. 3:17-cv-99

JUDGE WALTER H. RICE

MAGISTRATE JUDGE MICHAEL J. NEWMAN

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS SHAWN M. STANLEY AND REBECCA STANLEY'S FILING OF SUPPLEMENTAL AUTHORITY (DOC. #23) AND ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #19), AND OVERRULING OBJECTIONS OF PLAINTIFFS (DOC. #21) TO SAID JUDICIAL FILING; MOTION TO DISMISS OF DEFENDANT CITIMORTAGE, INC. (DOC. #10) IS SUSTAINED, CLAIMS ONE THROUGH SIX OF PLAINTIFFS COMPLAINT (DOC. #1); ARE DISMISSED WITH PREJUDICE; CLAIM SEVEN AS RAISED BY SHAWN STANLEY IS DISMISSED WITHOUT PREJUDICE SUBJECT TO REFILING IN A STATE COURT OF COMPETENT JURISDICTION; JUDGMENT SHALL ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFFS ON CLAIMS ONE THROUGH SIX; TERMINATION ENTRY

---

Plaintiffs, Shawn M. Stanley ("Shawn") and Rebecca Stanley ("Rebecca") (collectively "Plaintiffs"), allege that Defendant CitiMortgage, Inc. ("Defendant" or "Citi"), in foreclosing on a mortgage and promissory note held by Defendant as to Plaintiffs' domicile in Jamestown, Ohio ("the Property"), breached the mortgage and violated the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 *et seq.*

Doc. #1. Defendant filed a Motion to Dismiss, arguing that Plaintiffs' claims were barred by *res judicata*. Doc. #10. On October 30, 2017, Magistrate Judge Michael J. Newman issued a Report and Recommendations, recommending that all claims in Plaintiffs' Complaint be dismissed with prejudice, and that the captioned cause be terminated on the Court's docket. Doc. #19. Plaintiffs filed Objections to the Report and Recommendations, Doc. #21, and Defendant filed a response thereto. Doc. #22. Plaintiffs subsequently filed a Notice of Supplemental Authority ("Notice"), bringing to the Court's attention *Sandaler v. Wells Fargo Bank, N.A.*, Case No. 6:16-cv-1919-Orl-41GJK (M.D. Fla. Nov. 14, 2017), which was decided after the filing of the Report and Recommendations, and which, Plaintiffs argued, "pertain[ed] to the issues at the heart of" their Objections. Doc. #23; Doc. #23-1. Defendant filed a response to Plaintiffs' Notice, Doc. #24, to which Plaintiffs did not reply.

For the reasons set forth below, the Court SUSTAINS Plaintiffs' filing of Notice, Doc. #23, ADOPTS IN FULL the Report and Recommendations of the Magistrate Judge, Doc. #19, and OVERRULES Plaintiffs' Objections thereto. Doc. #21. In so ruling, the Court SUSTAINS Defendant's Motion to Dismiss. Doc. #10.

I. **FACTUAL BACKGROUND**[1]

Plaintiffs reside on the Property, which was subject to a non-recourse mortgage and secured by a promissory note, to which Shawn was the only signatory. Defendant was the holder of the promissory note and servicer of the mortgage at all times relevant

---

[1] As Defendant's motion to dismiss is brought under Rule 12(b)(6), the Court, for the purposes of the motion, must treat Plaintiff's well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

to Plaintiffs' claims. Doc. #1, ¶¶ 1, 4-5, PAGEID #1, 2; Doc. #10-2, PAGEID #186-216. From 2008 through early 2015, Shawn attempted to modify the terms of his mortgage with Defendant, individually and through the Department of Veterans Affairs ("VA"), by submitting numerous loan modification applications to Defendant. *Id.*, ¶¶ 29-30, 32, PAGEID #6. Shawn submitted an application on or about January 7, 2015, which he believed "was a 'full and complete application' as those terms are defined under RESPA." *Id.*, ¶ 30. Defendant allegedly accepted Shawn's January 7, 2015, application and "persistently advised Plaintiffs that a foreclosure proceeding would not take place while they were being considered for a loan modification pursuant to 12 C.F.R. § 1024.41." *Id.* Despite Defendant's representation, however, Defendant filed a Complaint for Foreclosure ("Foreclosure Action") in the Greene County, Ohio, Court of Common Pleas ("State Court") against Plaintiffs on April 9, 2015. *Id.*, ¶ 31; Doc. #10-2, PAGEID #179.

Plaintiffs did not answer or otherwise defend the Foreclosure Action in the Greene County Court. Rather, Plaintiffs and their VA Representative, Ryan Vesall ("Vesall"), submitted a new loss mitigation packet and "request[ed] the [loan] forbearance originally purportedly offered [by Defendant] back in 2012." Doc. #1, ¶ 36, PAGEID #7. Plaintiffs and Vesall continued to correspond and submit new loss mitigation packages to Defendant, *id.*, ¶¶ 37-45, PAGEID #7-8, and Defendant sent notices to Shawn "dated September 8th, 2015, November 17th, 2015, December 22nd, 2015, and January 12th, 2016, respectively, which all acknowledge; (a) Citi has received a packet and it is being processed; and, (b) if the packet is complete, Citi will stop all foreclosure activity." *Id.*, ¶ 45, PAGEID #8 (citing Doc. #1-2). Nonetheless, on

3

August 27, 2015, Defendant filed a Motion for Default Judgment against Plaintiffs. Doc. #10-2, PAGEID #217. Plaintiffs, allegedly in reliance on representations made by Defendant's employee Timothy Kovath, believed that their continued attempts to modify their loan were sufficient to avoid foreclosure; thus, they did not respond to the Motion for Default Judgment. Doc. #1, ¶¶ 39, 41, 47, PAGEID #7-8, 8-9. On September 17, 2015, the State Court entered Judgment *in Rem* in favor of Defendant and against Plaintiffs. Doc. #10-2, PAGEID #219. In so doing, the State Court ordered that, unless Plaintiffs paid off the remaining balance on the note, Defendant was entitled to:

> [I]ssue an order of sale directed to the Sheriff of Greene County, [Ohio,] directing him to appraise, advertise in a paper of general circulation within the County, and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

*Id.*, PAGEID #223-24.

Plaintiffs did not pay off the remaining balance on the mortgage. Rather, on March 15, 2016, they filed in State Court an Emergency Motion to Stay the Sheriff Sale and to Vacate Judgment Entry. Doc. #10-2, PAGEID #229. On April 11, 2016, Plaintiffs filed suit in this Court against the Defendant, "asserting five causes of action based on the actions of Citi detailed in the paragraphs above and in an attempt to stay the pending sheriff sale." Doc. #1, ¶ 55, PAGEID #10 (citing Case No. 3:16-cv-133). That same day, Defendant agreed to stay the sheriff sale and to review, again, Plaintiffs' application for loan modification, and Plaintiffs voluntarily dismissed their suit against the Defendant. *Id.*, ¶ 56. Nonetheless, Defendant again denied Plaintiffs' loan modification application on or about July 8, 2016. *Id.*, ¶ 58 (citing Doc. #1-3, PAGEID #74-75). Plaintiffs appealed the denial, pursuant to their rights under RESPA, on August 4, 2016, *id.*, ¶ 59, PAGEID #11, but on December 7, 2016, having heard nothing

4

from the Defendant regarding their appeal, "submitted a new packet for loss mitigation." *Id.*, ¶ 62 (citing Doc. #1-4). Defendant again denied the loan modification on January 18, 2017, *id.*, ¶¶ 64-65, PAGEID #11-12 (citing Doc. #1-6), and after mediation efforts ordered by the State Court proved unsuccessful, Plaintiffs filed the instant lawsuit. *Id.*, ¶¶ 66-67, PAGEID #12. In this lawsuit, Plaintiffs raised six claims under RESPA and the law's administrative provisions, and one claim of breach of contract under Ohio common law, against Defendant. *Id.*, ¶¶ 74-149, PAGEID #14-27.

## II. LEGAL STANDARDS

### A. Rule 72(b)

Under the Federal Magistrates Act of 1968, 28 U.S.C. § 636, the Magistrate Judge may, upon reference, file a Report and Recommendations as to any potentially dispositive motion. "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The [D]istrict [J]udge must determine *de novo* any part of the [M]agistrate [J]udge's disposition that has been properly objected to. The [D]istrict [J]udge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the [M]agistrate [J]udge with instructions." Fed. R. Civ. P. 72(b)(3). "Generally, the failure to file specific objections to a [M]agistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

5

## B. Rule 12(b)(6) Standard

In its Motion, Defendant argues that Plaintiffs' claims in this lawsuit were compulsory counterclaims that needed to be brought in response to Defendant's initiation of the State Court action. Further, it claims that the State Court's September 17, 2015, Entry of Judgment constituted a Final Judgment, and thus, *res judicata* bars Plaintiffs from now asserting the claims in their Complaint. Doc. #10, PAGEID #144-55. *Res judicata* is an affirmative defense, Fed. R. Civ. P. 8(c)(1), and, thus, Defendant properly brought its Motion as one for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6), rather than one for lack of subject matter jurisdiction under Rule 12(b)(1).

Rule 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Rule 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the opposing party has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-

pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Legal conclusions "must be supported by well-pleaded factual allegations . . . [that] plausibly give rise to an entitlement of relief." *Id*. at 679.

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). However, "a court may consider 'exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss' without converting the motion to dismiss into a motion for summary judgment." *Thomas v. Noder-Love*, No. 13-2495, 621 F. App'x 825, 828 (6th Cir. 2015) (quoting *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011)).

7

## C. *Res Judicata* and Compulsory Counterclaims

"The doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (internal quotation marks and citation omitted). *Res judicata* applies when there is:

> (1) [A] prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

Ohio Rule of Civil Procedure 13 governs counterclaims and states that:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

Ohio R. Civ. P. 13(A) (emphasis added). If a party fails to raise such a compulsory counterclaim in its initial answer, motion or response, then he or she may not raise it at a later point in the original or subsequent litigation. *See McConnell v. Applied Perform. Techs., Inc.*, No. C2-01-1273, 2002 WL 32882707, at *9 n.4 (Dec. 11, 2002) (Holschuh, J.) (citing *City of Westlake v. Rice*, 100 Ohio App. 3d 438, 441–42, 654 N.E.2d 181 (8th Dist. 1995); *Osborn Co. v. Ohio Dep't of Admin. Servs.*, 80 Ohio App. 3d 205, 210, 608

N.E.2d 1149 (10th Dist. 1992)) ("Compulsory counterclaims that are not asserted in the original suit are deemed to be waived and will be barred as *res judicata*.").

III. ANALYSIS

A. **Rebecca Stanley's Claims are Dismissed for Lack of Standing**

In its Motion, Defendant notes that while Rebecca resides at the property, the mortgage and promissory note were executed solely by Shawn. Doc. #10, PAGEID #149. Thus, Defendant argues, Rebecca was not a borrower and has no claim under RESPA or for common law breach of contract. Therefore, Defendant claims, all of Plaintiffs' claims, to the extent they are brought by Rebecca, should be dismissed for lack of standing. *Id.* Plaintiffs did not address this argument in their memorandum in opposition to Defendant's Motion; thus, the Magistrate Judge concluded, Rebecca has abandoned her claims against Defendant. Doc. #19, PAGEID #313 (citing *Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007)). Plaintiffs do not object to this portion of the Report and Recommendations, and the Court agrees with the Magistrate Judge's reasoning. Further, no amended pleading could cure Rebecca's lack of cognizable injury, such that she could have standing under Article III of the United States Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *see also SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citations omitted) ("courts need not give leave to amend when doing so would be futile. Amending would be futile if a proposed amendment would not survive a motion to dismiss."). Accordingly, Claims One through Six, to the extent they are brought by Rebecca, are DISMISSED WITH PREJUDICE.

### B. Shawn Stanley's RESPA Claims were Compulsory Counterclaims Barred by *Res Judicata* or Otherwise Fail to State a Claim Upon Which Relief may be Granted

In recommending that all of Shawn's claims be dismissed as barred by *res judicata*, the Magistrate Judge concluded that, because default judgment entered by the State Court is an adjudication on the merits, and the parties to the State Court lawsuit and the instant lawsuit (Shawn and Citi) are identical, there could be no reasonable dispute that the first two elements of *res judicata* under Ohio law are satisfied: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; [and] (2) a second action involving the same parties, or their privies, as the first." Doc. #19, PAGEID #313-14 (quoting *Hapgood*, 127 F.3d at 493). As to the third element, whether Plaintiffs' claims in the instant case "were or could have been litigated in the first action[,]" *Hapgood*, 127 F.3d at 493 (citation omitted), the Magistrate Judge concluded that Shawn knew of or should have reasonably been aware of the facts giving rise to the RESPA claims during the pendency of the State Court action. Doc. #19, PAGEID #314. The Magistrate Judge so concluded because the RESPA claims in the instant lawsuit all arose out of the Defendant's alleged malfeasance in its servicing of the mortgage and enforcement of the promissory note, which was the subject matter of the State Court foreclosure action. *Id*. As identical subject matter is the fourth element of *res judicata*, *Hapgood*, 127 F.3d at 493, the Magistrate Judge concluded that Shawn's claims in this lawsuit were compulsory counterclaims, and thus were barred under *res judicata*. *Id*.

In their Objections, Plaintiffs do not argue that they were somehow barred from raising RESPA claims in the State Court action; nor do they claim that there was any necessary third party to the RESPA claims over whom the State Court lacked jurisdiction. Further, they concede that the facts underpinning Claims One (proceeding

10

with foreclosure action after receiving a facially complete loan modification application), Two (failure to provide timely notice of receipt of loss mitigation application, and decision thereon), and Three (failure to provide timely notice of available loss mitigation options) were known to Plaintiffs at the time they were served with the State Court foreclosure complaint. Doc. #21, PAGEID #325. Thus, these claims were compulsory counterclaims, and Shawn is barred by *res judicata* from asserting those claims in this Court.

However, Plaintiffs assert that Claims Four (failure to respond to request for information), Five (failure to review eligibility for loss mitigation options within thirty days of receipt of loss mitigation application), and Six (failure to respond in a timely manner to an appeal of loss mitigation denial) accrued "after the foreclosure was filed and could not be brought as compulsory counterclaims . . . . These claims at best would require the Plaintiff to file an independent Motion for Injunctive Relief in the Foreclosure Case." Doc. #21, PAGEID #325. Accordingly, Plaintiffs argue, <u>those</u> RESPA claims were not—and need not have been—adjudicated in the State Court action, and are not barred by *res judicata*. *Id*.

As to Claim Four, Citi's four allegedly inadequate responses to Shawn's repeated requests for information and loss mitigation applications were dated September 8, 2015; November 17, 2015; December 22, 2015; and January 12, 2016. Doc. #1, ¶¶ 109-116, PAGEID #20-21; Doc. #1-2. In the light most favorable to Plaintiffs, they appear to be arguing that Citi did not violate 12 C.F.R. § 1024.36(d)—the gravamen of Claim Four—until after it had initiated the State Court action. Yet, that regulation requires a loan servicer to respond to a request for information within thirty days of a request for

11

information, 12 C.F.R. § 1024.36(d)(2), and Shawn made his earliest such request on or about January 28, 2015. Doc. #1, ¶¶ 111-12, PAGEID #20-21; Doc. #1-1, PAGEID #45. Thus, Citi's alleged initial violation of 12 C.F.R. § 1024.36(d) occurred no later than February 28, 2015—more than a month prior to its initiation of the State Court action. Consequently, Claim Four was a compulsory counterclaim, Ohio Civ. R. 13(A), and is barred by *res judicata*.

In Claim Five, Plaintiffs allege that they submitted complete loss mitigation applications on April 13, 2016, and December 20, 2016, and that Defendant failed to perform a complete review of those applications within thirty days of receipt, in violation of 12 C.F.R. § 1024.41(c). Doc. #1, ¶¶ 123-26, PAGEID #23. Yet, Plaintiffs allege that Shawn first submitted a completed loss mitigation application to Defendant on or about January 7, 2015. Doc. #1, ¶ 76, PAGEID #14. Further, Plaintiffs do not claim that Defendant completed the required review of that application or any other. Consequently, Defendant would have breached its duty to review no later than February 7, 2015, more than two months prior to its filing of the State Court action. Thus, Shawn knew or should have been reasonably aware of all the facts giving rise to Claim Five at the time he was served with the foreclosure complaint, making it a compulsory counterclaim. Ohio Civ. R. 13(A). Shawn's subsequent loss mitigation applications, and Defendant's alleged failures to complete review in a timely manner, do not excuse Plaintiffs' failure to raise Claim Five as a counterclaim, and Claim Five is barred by *res judicata*.

In Claim Six, Plaintiffs allege that, on August 4, 2016, Shawn filed a timely appeal of Defendant's denial of his April 13, 2016, loss mitigation application. They further

12

claim that Defendant did not respond to Shawn's appeal within thirty days, in violation of 12 C.F.R. § 1024.41(h)(4). Doc. #1, ¶¶ 132-36, PAGEID #24-25; Doc. #1-3; Doc. #1-4; Doc. #1-5. Yet, Defendant had informed Plaintiffs' agent of its denial of Shawn's loss mitigation application no later than April 16, 2015. Doc. #1-1, PAGEID #39. Pursuant to the regulation, Shawn was required to appeal Defendant's denial no later than April 30, 2015, 12 C.F.R. § 1024.41(h)(2), and there is no indication in the record that he did so. Moreover, Plaintiffs do not allege that Shawn's April 2016 loss mitigation application differed substantially from his January 2015 application. "Section 1024.41 . . . does not require mortgage services to consider duplicative requests[,]" *Brimm v. Wells Fargo Bank, N.A.*, No. 16-2070, 688 F. App'x 329, 331 (6th Cir. 2017) (quoting 12 C.F.R. § 1024.41(i). Thus, any refusal to consider Shawn's August 2016 appeal cannot form the basis for a viable RESPA claim, and Claim Six, even if not barred by *res judicata*, is properly dismissed for failure to state a claim.

### C. Claims One through Six must be Dismissed with Prejudice

Rule 15(a)(2) directs courts to give leave to amend "when justice so requires." Thus, a plaintiff whose claims are dismissed under Rule 12 is often granted leave to file an amended complaint. Nonetheless, a court need not grant leave to amend if doing so would be futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (citation omitted). In this case, Claims One through Five are compulsory counterclaims, and Shawn's failure to raise them in response to the State Court action means that they are barred as matters of law. As to Claim Six, Shawn did not appeal Defendant's initial loan modification denial, and Defendant was

under no obligation to review any subsequent loan modification application or appeal therefrom. Thus, there appears to be no set of facts that would enable Claim Six to survive a motion to dismiss, and Claims One through Six must be dismissed with prejudice.

### D.  Court Declines to Exercise Jurisdiction over Claim Seven

As Plaintiffs' federal claims have all been dismissed with prejudice, their only remaining claim Shawn's claim is for breach of contract, Doc. #1, ¶¶ 139-49, PAGEID #25-27, which arises under Ohio law and is properly before this Court under its supplemental jurisdiction. 28 U.S.C. § 1367(a). However, the Court may decline to continue exercising such jurisdiction over state law claims, if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). The Supreme Court has held that:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 731, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Accordingly, the Court dismisses Claim Seven without prejudice to refiling in a state court of competent jurisdiction.

### IV.  CONCLUSION

For the foregoing reasons, the Court SUSTAINS Plaintiffs' filing of Notice of Supplemental Authority, Doc. #23, ADOPTS the Report and Recommendation of United States Magistrate Judge, Doc. #19, OVERRULES Plaintiffs' Objections thereto, Doc.

14

#21, and SUSTAINS Defendant's Motion to Dismiss. Doc. #10. Claims One through Six in Plaintiffs' Complaint, Doc. #1, are DISMISSED WITH PREJUDICE, and Claim Seven DISMISSED WITHOUT PREJUDICE subject to refiling in a state court of competent jurisdiction. Judgment shall enter in favor of Defendant and against Plaintiffs on Claims One through Six.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: January 22, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE